**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **KERRY MERRINVIL,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-00431-SDN** |
| | ) | |
| **BRITTANY R. WALES et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**RECOMMENDED DISMISSAL**

In a pro se complaint, Kerry Merrinvil alleges that Brittany R. Wales, Jess Mizzi, Ashley Kuntz, and Maine Department of Health and Human Services Commissioner Sara Gagné-Holmes violated—and conspired to violate—his constitutional rights by enforcing a state court child support order. *See* Complaint (ECF No. 1). He seeks, among other things, damages and a permanent injunction requiring the Defendants "to cease all enforcement actions." *Id.* at 6.

I recommend that the Court exercise its inherent power and **DISMISS** Merrinvil's complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (recognizing that district courts have the inherent authority to dismiss frivolous complaints). As has been explained to Merrinvil twice already, "this Court, as a federal court, is precluded from hearing challenges to state court child support enforcement proceedings and orders under the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine." *Merrinvil v. Lambrew*, No. 2:24-cv-00210-NT, 2024 WL 2959165, at *1 (D. Me. June 12, 2024) (rec. dec.), *aff'd*, 2024 WL 3032464

(D. Me. June 17, 2024); *Wales v. Merrinvil*, No. 2:24-cv-00338-NT, 2024 WL 4380195, at *1 (D. Me. Oct. 3, 2024) (rec. dec.), *aff'd*, ECF No. 8 (D. Me. Oct. 23, 2024). Moreover, Merrinvil's complaint is premised on frivolous sovereign citizen legal theories. *See Libertad v. Massachusetts*, No. 1:21-cv-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) ("Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—such sovereign citizen claptrap has been rejected over and over." (cleaned up)).

Merrinvil was previously warned that he might face filing restrictions if he brought further groundless actions relating to state court family matters. *See Wales v. Merrinvil*, No. 2:24-cv-00338-NT, ECF No. 8 at 2 (D. Me. Oct. 23, 2024). Because Merrinvil did not heed the Court's warning and because his frivolous filings waste this Court's limited resources, I recommend that the Court **ENJOIN** him from filing further claims relating to child support enforcement. *See Cok v. Fam. Ct.*, 985 F.2d 32, 34-36 (1st Cir. 1993).

Finally, given the obvious frivolity of Merrinvil's complaint, I recommend that the Court **CERTIFY** that any appeal from its order dismissing this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal

is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## ***NOTICE***

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: September 16, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge